### WIEGEL v. MOGK et al.

(Supreme Court, Appellate Division, Second Department. December 12, 1899.)

PARTITION—PLEADING—ANSWER—AMENDING.
> Where tenants in common sue for partition of land and ask for an accounting of taxes on the same for several years, which plaintiffs had paid, the court properly denied defendants' motion to amend their answer so as to plead the statute of limitations as to all taxes paid more than 10 years prior to the bringing of the suit, when it appeared that plaintiffs' ancestor had attempted to purchase the land from defendants' ancestor, and had paid him therefor, but the instrument executed was not sufficient to convey title, and defendants claim to be part owners of the land.

Appeal from special term, Kings county.

Action by Elizabeth Wiegel against Henry L. M. Mogk, Timothy Y. Brown, and others. From an order denying a motion to permit defendants to amend their answer, defendants Brown and others appeal. Affirmed.

Argued before GOODRICH, P. J., and CULLEN, BARTLETT, HATCH, and WOODWARD, JJ.

Edgar J. Nathan (Michael H. Cardozo, on the brief), for appellants. Robert H. Wilson, for respondent.

GOODRICH, P. J. The action is for the partition of certain lots formerly belonging to the firm of Mogk & Brown. In 1877 Brown withdrew from the partnership, and, in consideration of $1,000, sold his interest in the firm property to Mogk, by an informal instrument, which was not sufficient to transfer the title of the real estate. He died in 1877. From that time down to the time of his death, in 1896, Mogk treated the property as his own, paying the taxes and assessments, and his heirs have paid them since, to the amount of several thousand dollars. The property was unproductive. In 1896 an action was commenced by the heirs of Mogk to have the title in the lots declared to be solely in them, but this action was discontinued for the reason already referred to, and the present action, to which all the heirs of Mogk and Brown are parties, was commenced to partition the lots, on the allegation that the heirs of Mogk and Brown were tenants in common of an undivided half of the lots, with a prayer for an accounting as to the amount paid by Mogk and his heirs for taxes and assessments, and the amount apportioned to the owners of each interest. A reference having been ordered, testimony was taken as to the making of such payments for a period of about 20 years. The heirs of Brown applied to the referee, and afterwards to the special term, to amend their answer so as to set up the statute of limitations as to payments made more than six or ten years prior to the commencement of the action. The court denied the motion on the ground that "the amendment proposed would not be in furtherance of justice," and from this order the present appeal is taken.

There is nothing to raise any doubt that until the death of Mogk the lots were treated by him as his property, and no dissent from this belief appears on the part of the heirs of Brown. Under the circumstances, it would seem inequitable to permit such heirs, whether adult or infant, to avoid their share of the burdens which by their silent acquiescence have been assumed and borne by Mogk and his heirs. The Brown heirs, by our affirmance of the order, will be compelled to pay only what, under their own theory of ownership, they should have paid before. It is not necessary to consider the question of laches. The order was one peculiarly within the discretion of the court, and we are not disposed to interfere with what seems to have been a proper exercise of such discretion.

The order should be affirmed, with costs. All concur.